**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD and DAVID DARIN, | ) | |
|           Plaintiffs, | ) | |
| | ) | |
|    v. | ) | No. |
| | ) | |
| OFFICER S. McCORMICK, | ) | |
| UNKNOWN OFFICER, and | ) | |
| COOK COUNTY FOREST PRESERVE POLICE | ) | |
|           Defendants. | ) | |

## <u>COMPLAINT</u>

NOW COMES the Plaintiffs, RICHARD and DAVID DARIN, by and through their attorneys, John C. Greenlees and Geneva Penson, and complaining against the Defendants, OFFICER S. McCORMICK, an UNKNOWN OFFICER, and the COOK COUNTY FOREST PRESERVE POLICE, state as follows:

### INTRODUCTION

1.    This action is brought seeking damages as redress for Defendants' violations of the Plaintiffs' rights enumerated under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, which violations resulted from the Defendants' unlawful and unauthorized search, seizure, and detention of the Plaintiffs and their property, connected with charges which were resolved in the plaintiffs' favor.

### JURISDICTION AND VENUE

2.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sec.1331 and Sec.1343(a)(3) as the Federal Claims are brought under 42 U.S.C. Sec.1983 and venue pursuant to 28 U.S.C. Sec.1391(b) as the parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental

jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. Sec.1367(a).

THE PARTIES

3.      On and since February 25, 2012 the Plaintiffs, Richard Darin and David Darin have resided in Illinois, and enjoyed all rights and entitlements enumerated in the Constitution of the United States of America and all Amendments thereto.

4.      On February 25, 2012, and at all relevant times herein, the Defendant, Officer S. McCormick was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the Cook County Forest Preserve Police. Defendant McCormick is sued in his individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

5.      On February 25, 2012, and at all relevant times herein, there existed other Unnamed police officers or police personnel who were sworn officers or personnel of the Cook County Forest Preserve Police, who are sued in their individual capacities for actions they took by virtue of their authority as police officers, acting within the scope of their employment and under color of State law.

6.      On February 25, 2012, and at all relevant times herein, the Cook County Forest Preserve Police, was a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment and employing unknown police officers or police personnel herein.  It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments and employees and for injury occasioned thereby.  It was also the public employer of Defendant

McCormick and the other unnamed officers.

### FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

7.      On or about February 25, 2012 plaintiffs, two over-50 year old brothers, were inside their vehicle, legally parked in an open forest preserve lot in Whistler Woods.

8.      At approximately 5:00pm plaintiffs were approached by Defendant McCormick, and thereafter by other as yet unidentified Forest Preserve Police Officers.

9.      Plaintiffs were not violating any law or ordinance, nor were defendants in possession of any information suggesting that plaintiffs were committing, had committed, or were about to commit, any violation of law.

10.     Plaintiffs were ordered out of their vehicle and seized by the defendants, who had blocked plaintiffs vehicle into the parking space with their police vehicle.

11.     Plaintiffs persons and clothing were searched by the defendants.

12.     Plaintiffs did not consent to their seizure or the search of their persons.

13.     No illegal substances or material was found during the search of the plaintiffs persons.

14.     Defendants made disparaging remarks about plaintiffs clothing, falsely accused the plaintiffs of being drug addicts, and repeatedly demanded to know where the "stuff" or drugs, were located.

15.     Plaintiffs informed defendants that they were not in possession of any illegal substances.  Defendants informed plaintiffs that if they did not voluntarily surrender their drugs the defendants would search the vehicle.

16.     When plaintiffs failed to produce any drugs or illegal substances defendants proceeded to fully search the plaintiffs' vehicle.  Plaintiffs did not consent to the search

of their vehicle.

17.     Defendants found no drugs or drug paraphernalia in the plaintiffs vehicle or on their persons.

18.     The defendants' actions in seizing and searching the plaintiffs and their vehicle provided no evidence or other information to indicate that plaintiffs were committing, had committed, or were about to commit, any illegal act.

19.     Defendant McCormick, in FP 1005240 (Richard) and FP 1005239 (David) charged both defendants with a violation of Section 3-3-1 of the Cook County Forest Preserve Code, which alleges Disorderly Conduct.  In the Code Violation Citations listed above, under "offense committed" defendant McCormick wrote "Disorderly Conduct".

20.     Section 3-3-1 of the Code contains 10 subsections listing particular acts which constitute disorderly conduct under the code.  Plaintiffs did not: 1) make, aid, countenance or assist in making any improper noise, riot, disturbance, breach of the peace or diversion tending to a breach of the peace within the limits of any forest preserve; 2) lodge in or be found in any space prohibited from public access; 3) willfully assault another while in any forest preserve or be engaged in or abet or aid in any fight, quarrel or other disturbance in any forest preserve; 4) stand, loiter or stroll about within any forest preserve waiting or seeking to obtain money or other valuable things from others by trick or fraud; 5) engage in any fraudulent scheme, device or trick to obtain money or other valuable things in any said forest preserve; 6) (or were not) touts, ropers, steerers or cappers so called for any gambling room or house who shall ply or attempt to ply their calling within any forest preserve; 7) have or carry any firearm, dirk, brass knuckles, slingshot or other dangerous weapon concealed on or about their person; 8) have or carry

a knife, commonly referred to as a switchblade knife, which has a blade that opens automatically by hand pressure applied to a button, spring or other device in the handle of the knife, or a ballistic knife, which is a device that propels a knifelike blade as a projectile by means of a coil spring, elastic material or compressed gas; 9) (or were not) bare-chested while on Forest Preserve District golf courses or golf driving ranges, and did not indecently expose themselves while on Forest Preserve property; or 10) engage in behavior that intimidates others or interferes with or unreasonably disrupts others in the normal use of the Forest Preserves, that occurs as a result of intoxication, drunkenness or the influence of alcoholic beverage(s), drug(s), controlled substance(s) or intoxicating compounds.

21. Plaintiffs did not commit any acts prohibited under the code, were not observed committing any such acts, and no one complained that plaintiffs had committed any such acts. No person other than the plaintiffs and the defendant officers were present to be "alarmed and disturbed" or otherwise to have been subjected to a breach or threatened breach of the peace. Defendant McCormick did not believe or have reason to believe that plaintiffs had violated any sub-section of 3-3-1.

22. On March 27, 2012 the State moved to dismiss the pending charges against plaintiffs, in a manner indicative of their innocence.

COUNT I
FOURTH AMENDMENT VIOLATION
SEARCHES WITHOUT DUE PROCESS
42 U.S.C. Sec. 1983

23. Plaintiff incorporates paragraphs 1 – 22 above as though fully set forth herein.

24. At all relevant times herein, the Plaintiffs enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable

searches and seizures and to be secure in their person, personal effects, and property.

25.     Defendants had no reasonable or articulable suspicion, or facts which would lead the officers to believe plaintiffs had committed any criminal act or, were armed or constituted a danger, yet still seized and held the plaintiffs, preventing them from leaving, and thereafter searched their person and vehicle.

26.     At all relevant times herein, Defendant McCormick, as well as other as yet unknown defendants and co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means to effect the unlawful and unreasonable search of the plaintiffs and their property, without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ naming the plaintiff, or other factual or legal justification.

27.     At all relevant times herein, the Defendants were acting under color of law and their individual and/or concerted conduct as described herein was done with deliberate indifference to the rights of the Plaintiff.

28.     Defendants' individual acts and/or conspiracy as described above violated Plaintiffs' right to be free from unreasonable searches and seizures as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiffs to suffer damages including loss of reputation, mental anguish, emotional distress, financial expenditures, and legal expenses. As the proximate result of the unlawful and unreasonable acts by the Defendants, which violated the rights of the Plaintiff, the Plaintiff has suffered injuries of a personal and pecuniary nature.

WHEREFORE the Plaintiffs demand judgment against the Defendants, Officer S. McCormick, and Unknown Officers, jointly and severally for compensatory and punitive damages in a sum in excess of $50,000.00.

COUNT II
FOURTH AMENDMENT VIOLATION
DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS
42 U.S.C. Sec. 1983

29.    Plaintiff incorporates paragraphs 1 – 22 above as though fully set forth herein.

30.    At all relevant times herein, the Plaintiffs enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from deprivation of their liberty without due process and objective probable cause.

31.    At all relevant times herein, Defendants accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means to effect the unlawful and unreasonable seizure and deprivation of plaintiffs' liberty without lawful authority in the form of reasonable articulable suspicion or probable cause.

32.    At all relevant times herein, the Defendants were acting under color of law and their individual and/or concerted conduct as described herein was done with deliberate indifference to the rights of the Plaintiff.

33.    Plaintiffs were seized and held for hours, and their vehicle was ordered towed.

34.    Defendants had no reasonable or articulable suspicion, or facts which would lead the officers to believe plaintiffs had committed any criminal act or, were armed or constituted a danger, yet still seized and held the plaintiffs, preventing them from leaving, and thereafter searched their person and vehicle.

35.     Defendants' individual acts and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable searches and seizures as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer damages including loss of reputation, mental anguish, emotional distress, financial costs, and legal expenses. As the proximate result of the unlawful and unreasonable acts by the Defendants, which violated the rights of the Plaintiffs, the Plaintiffs have suffered injuries of a personal and pecuniary nature.

        WHEREFORE the Plaintiffs demand judgment against the Defendants Officer S. McCormick and Unknown Officers, jointly and severally, for compensatory and punitive damages in a sum in excess of $50,000.00.

COUNT III
MALICIOUS PROSECUTION
(State Law Claim)

36.     Plaintiff incorporates herein paragraphs 1 – 22 above, as though fully set forth herein.

37.     At all relevant times herein, the Plaintiffs enjoyed and possessed a right under the law of the State of Illinois to be free from arrest and prosecution instituted maliciously and without probable cause.

38.     On February 25, 2012 Defendant McCormick provided false information in the form of a complaint he prepared alleging a code violation in order to commence and otherwise institute criminal charges of disorderly conduct, without lawful authority in the form of probable cause.

39.     Defendant McCormick was motivated by malice and in order to fabricate a response to plaintiffs complaints regarding the search of their persons, and the search and

towing of their vehicle.

40.     On February 25, 2012 plaintiffs were seized and arrested for disorderly conduct, and compelled to appear before a hearing officer to answer to those charges.  Plaintiffs were forced to retain counsel to represent them against the false charges.

41.     At all times relevant herein, Defendant McCormick was acting under color of law and his individual conduct as described hereinabove was done with willfully, wantonly, with reckless disregard, and/or deliberate indifference to the rights of the Plaintiffs; and was further done with malice, solely for the purpose of harassing plaintiffs, in response to their complaints and in an attempt to cover up his improper and unconstitutional actions relating to the unconstitutional seizure and searches, and to justify the towing of the vehicle.

42.     On March 27, 2012 the underlying prosecution was dismissed upon the State's motion and the matter was terminated in the plaintiff's favor, in a manner indicative of innocence.

        WHEREFORE the Plaintiffs demand judgment against Defendant McCormick for compensatory damages, in a sum in excess of $50,000.00.

COUNT IV
42 U.S.C. Sec. 1983 MONELL CLAIM
COOK COUNTY FOREST PRESERVE POLICE

43.     Plaintiff incorporates herein paragraphs 1 – 22 above as though fully set forth herein.

44.     Prior to February 25, 2012 the Cook County Forest Preserve Police developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in North Chicago, which caused the violation of Plaintiff's rights.

45.     It was the policy and/or custom of the Cook County Forest Preserve Police and its officers to inadequately and improperly investigate or resolve complaints of police misconduct relating to searches and seizures of individuals and their vehicles, and such acts of misconduct were instead tolerated by the Cook County Forest Preserve Police.

46.     It was the policy and/or custom of the Cook County Forest Preserve Police to inadequately supervise and train its police officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The Department did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct or improper investigation relating to search warrants applications and execution.

47.     As a result of the above described policies and customs, police officers of the Cook County Forest Preserve Police, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

48.     The Cook County Forest Preserve Police failed to train and supervise its officers, and failed to implement policies, to prevent constitutional violations relating to the searches and seizures of individuals and their vehicles.

49.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the Cook County Forest Preserve Police to the constitutional rights of persons within the Forest Preserve, and were the proximate cause of the violations of Plaintiff's rights alleged herein.  As a direct and proximate result of the municipality's failures and actions, plaintiff suffered loss of reputation, humiliation, mental anguish, emotional distress, financial damages, and legal expenses.

WHEREFORE the Plaintiffs demand judgment against the Defendant, Cook County Forest Preserve Police, for compensatory damages, costs incurred herein and attorney fees in a sum in excess of $50,000.00.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted

By: /s/ John C. Greenlees

John C. Greenlees, Atty No. 6196135
P.O. Box 392
Brookfield, IL 60513
708-387-9517