IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD and DAVID DARIN,        )
                                )
        Plaintiffs,              )
                                )
    v.                           )    No. 13 C 2318
                                )
OFFICER S. McCORMICK, et al.,   )
                                )
        Defendants.              )

MEMORANDUM ORDER

Cook County Forest Preserve District and an officer designated in the First Amended Complaint ("FAC") as S. McCormick ("McCormick") have filed their Answer to the FAC brought by Richard and David Darin. This memorandum order is issued sua sponte because of McCormick's improper invocation of a qualified immunity defense in his First Affirmative Defense ("AD") that follows the Answer proper.

This Court has long felt that the Cook County State's Attorney's Office does not seem to understand the place that qualified immunity plays--or does not play--in cases such as this one. There is no question that the fundamental underlying concept of an AD under Fed. R. Civ. P. ("Rule") 8(c) and the caselaw construing and applying that Rule is that the responsive pleader must accept a complaint's well-pleaded allegations as true but can then go on to explain why the pleader is nonetheless not liable to plaintiff (or, as for example in a contributory negligence situation), is liable for less than plaintiff

claims)--see also App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

In this instance, such allegations as those in FAC ¶¶25, 26, 31, 34, 35, 38, 39 and 41 flat-out controvert McCormick's AD assertion that his "conduct was at all times objectively reasonable and did not violate any of plaintiffs' clearly established constitutional rights." Accordingly McCormick's AD is stricken.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: December 6, 2013

---

[1] McCormick's denials of the allegations in the FAC paragraphs cited in the text effectively put those matters in issue, so that McCormick loses nothing substantive through the striking of his AD. Indeed, if the State's Attorney's personnel were to research the Supreme Court's teaching on the subject as a potential threshold bar, they would learn that qualified immunity does not come into play where the resolution of the parties' competing versions of the material facts will require a trial or other evidentiary hearing.